UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF JEFFREY H. WARE, <br> by BARBARA BOYER, Individually, <br> on behalf of Wrongful Death beneficiaries <br> and as Administratrix of the ESTATE OF <br> JEFFREY H. WARE <br>         Plaintiff <br> <br> v. <br> <br> HOSPITAL OF THE UNIVERSITY OF <br> PENNSYLVANIA, et al. <br>         Defendants | : <br> : <br> : CIVIL ACTION NO. 14-00014 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Plaintiff's Motion for Remand, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

This matter shall be remanded to the Philadelphia Court of Common Pleas upon entry of this Order.

                                                    **BY THE COURT:**


                                                    _____ J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF JEFFREY H. WARE, <br> by BARBARA BOYER, Individually, <br> on behalf of Wrongful Death beneficiaries <br> and as Administratrix of the ESTATE OF <br> JEFFREY H. WARE <br>                    Plaintiff <br> <br> v. <br> <br> HOSPITAL OF THE UNIVERSITY OF <br> PENNSYLVANIA, et al. <br>                    Defendants | : <br> : <br> : CIVIL ACTION NO. 14-00014 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## PLAINTIFF'S MOTION FOR REMAND

1. On December 3, 2013, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania. Plaintiff served this Complaint upon Defendants on or about December 3, 2013.

2. Dr. Jeffrey Ware was employed as a researcher in the radiation oncology department at the University of Pennsylvania's Perelman School of Medicine from approximately 1995 until his death on October 23, 2011 from gliosarcoma, an exceedingly rare form of malignant brain cancer associated with excessive radiation exposure.

3. Plaintiff Barbara Boyer, Dr. Ware's widow and administratrix of his estate, alleges, among other things, that Defendants concealed and withheld documents and data related to Dr. Ware's exposure to radiation and further exploited Dr. Ware by turning him into a research subject after he was diagnosed with brain cancer, specifically by enrolling him without proper and legal consent in an experimental study that offered him no real treatment benefit.

4. This reckless and fraudulent conduct, in addition to the outrageous disregard for Dr. Ware's health and well-being during the many years he dedicated himself to his research work and for the health and well-being of his family, provides a basis for direct actions against these Defendants for compensatory and punitive damages.

5. On January 2, 2014, Defendants filed a Notice of Removal pursuant to the Atomic Energy Act of 1954, 42 U.S.C. § 2201 et seq., as amended by the Price Anderson Act, Pub. L. No. 85-256, 71 Stat. 576 (1957) (codified as amended in various sections of 42 U.S.C.) and the Price Anderson Amendments Act, Pub. L. No. 100-408, 102 Stat. 1066 (1988) (referred to herein as the Price Anderson Act), as well as 28 U.S.C. §§ 1332(a)(1), 1441(a) and (b), 1442 (a)(1), and 1446.

6. The party seeking removal bears the burden of showing that removal is appropriate. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1995).

7. Defendants' Notice of Removal fails to meet the requirements for removal, as described below and in Plaintiff's Memorandum of Law, which is incorporated by reference.

8. Defendants claim three bases for removal to this Court, the Price Anderson Act, the federal officer removal statute, and diversity jurisdiction. None of these are valid:

    a) The circumstances leading to Plaintiff's injuries did not arise from a nuclear incident covered under the Price Anderson Act;

    b) Defendant NSBRI was not acting under the direction or control of a federal officer; and

    c) The forum defendant rule applies here to negate diversity jurisdiction.

2

9. The Price Anderson Act provides for removal of claims arising from nuclear occurrences. The Act was amended in 1957 and again in 1988 to create a federal forum for all public liability actions that alleged bodily injury resulting from certain kinds of nuclear events, but not – as Defendants falsely claim -- for anything and everything that relates to use of radiation or radioactive materials.

10. This action does not arise from a nuclear occurrence or from anything to do with a nuclear power facility or other facility regulated by the Act. Defendants attempt to stretch the scope of the Price Anderson Act is without support and indeed Defendants offer none. Moreover, Congress specifically chose not to amend the act in 1988 to include "persons operating nuclear pharmacies or hospital medicine department." *In re Cincinnati Radiation Litigation*, 874 F.Supp 796 (S.D. Ohio, 1995) citing *Senate Report* 100-218, U.S. Code Cong. & Admin. News 1988, p 1424, 1493 Section 106 (1988).

11. As the Third Circuit made clear in *In Re TMI Litig. Cases Consol. II*, 940 F.2d 832, 855 (3d Cir.1991), "At the threshold of every action asserting liability growing out of a nuclear incident, then, there is a federal definitional matter to be resolved: Is this a public liability action? If the answer to that question is "yes," the provisions of the Price Anderson Act apply; there can be no action for injuries caused by the release of radiation from *federally licensed nuclear power plants* separate and apart from the federal public liability action created by the Amendments Act." (emphasis added).

12. Removal where an action is instituted in a State court against or directed to the United States or any agency thereof or any officer or person acting under that officer, of the United states or agency thereof, when such officer is acting under color of such office, is codified at 28 U.S.C. § 1442(a)(1).

3

13. Under 28 U.S.C. § 1442(a)(1), a defendant must be a "person" within the meaning of the statute, act under direction of a federal officer, show a nexus or "causal connection" between the alleged conduct and the official authority, and have a colorable federal defense. *Feidt v. Owens Corning Fiberglass Corp.*, 153 F.3d 124, 127 (3d Cir.1995).

14. Defendant National Space Biomedical Research Institute (NSBRI) was established, according to Defendant, through a cooperative agreement with The National Aeronautics and Space Administration (NASA). *See* Exhibit "A," NASA Agreement. (provided by Defendant).

15. The agreement with NSBRI makes it clear that NSBRI is a separate, non-profit entity responsible for its own administration and operations. *See* Exhibit "A."

16. The NSBRI was not acting under the authority of any federal officer. Nor can Defendant show a nexus or "causal connection" between the alleged conduct and the official authority, as required.

17. To make such a showing, Defendant NSBRI must demonstrate that "'the acts that form the basis for the state civil or criminal suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations.'" *Watson v. Phillip Morris Companies, Inc.*, 420 F.3d 852, 861 (8th Cir.2005) (quoting *Virden*, 304 F.Supp.2d at 844). Defendants have not demonstrated that the acts here were performed pursuant to federal orders or direct supervision. Therefore, removal on this basis was improper and remand is required.

18. This Court may have jurisdiction in matters where the amount in controversy exceeds $75,000 and the parties are citizens of different states pursuant to 28 U.S.C. § 1332.

19. Removal claims where original jurisdiction lies within the district courts of the United States is codified at 28 U.S.C. § 1441(a).

20. Diversity jurisdiction may be a basis for removal as long as none of the defendants are citizens of the state in which the action is brought, pursuant to 28 U.S.C. § 1441 (b).

21. Plaintiff is a New Jersey resident. Defendants are based in Pennsylvania and Texas. Defendants may not remove pursuant to the forum defendant rule, 28 U.S.C. §1441 (b)(2).

22. Defendants fail to meet their burden in showing that this case involves a nuclear incident at a federally licensed nuclear power plant as defined by the Price Anderson Act; or that Defendants were acting as a federal officer; or that diversity jurisdiction provides a basis for removal.

WHEREFORE, Plaintiff respectfully requests this Court remand the action to the Court of Common Pleas of Philadelphia.

**LAYSER & FREIWALD, P.C.**

By: /s/Aaron J. Freiwald
AARON J. FREIWALD, ESQUIRE
GLENN A. ELLIS, ESQUIRE
KATHERINE D. ARMSTRONG, ESQUIRE
Attorneys for Plaintiff

DATED: January 27, 2014